UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HECTOR SANTANA,

           Petitioner,

v.

UNITED STATES OF AMERICA,

           Respondent.
_____/

Criminal Case Number 10-20635
Civil Case Number 16-13848
Honorable David M. Lawson

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner filed a motion under 28 U.S.C. § 2255 on October 28, 2016. On April 20, 2020, the Court issued an order granting in part and denying in part the motion because it concluded that the claims raised, except for one, were without merit.

Rule 11 of the Rules Governing Section 2255 Proceedings requires that the Court issue or deny a certificate of appealability whenever it rules against the petitioner on a motion to vacate sentence:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of

appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

Santana argued that his conviction for brandishing a firearm in furtherance of a crime of violence is invalid because kidnapping is not a valid predicate offense for that crime. The Court granted in part relief on this ground because Supreme Court caselaw handed down after the petitioner's direct appeal requires that the crime-of-violence firearm sentence be vacated.

Santana also alleged that his attorney was constitutionally ineffective because (1) his attorney failed to object to the language in Counts 7 and 8 of the superseding indictment (the section 924(c) charges) as duplicitous and did not challenge the jury instructions for those counts, and (2) counsel failed properly to advise him of the elements of the offenses, which caused him to reject a plea deal. However, defense counsel properly identified the potential problems with Counts 7 and 8, and the Court instructed the jury in way that removed its ability to choose among various alternatives when deciding on a verdict on Counts 7 and 8, thereby eliminating the potential prejudice. Additionally, counsel maintained that he fully advised Santana about the nature of the charges against him, the potential consequences of proceeding to trial, and the government's evidence; and throughout the proceedings, Santana expressed no interest in pleading guilty. The Court finds that reasonable jurists could not debate the conclusion that the petitioner's attorney did not deviate from prevailing professional norms on these grounds. Therefore, the Court will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 20, 2020